# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### LYNCHBURG DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
FEB 0 3 2006
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

UNITED STATES OF AMERICA,　　　)
　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　)　　Criminal No. 6:05CR00039
v.　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　)　　**MEMORANDUM OPINION**
CARL B. HUTCHERSON, JR.,　　　)
　　　　　　　　　　　　　　　)　　By:  James C. Turk
　　　　　　Defendant.　　　　)　　Senior United States District Judge

## I.　　Statement of the Facts

On December 1, 2005, a federal grand jury in the Western District of Virginia returned an indictment against the defendant, Carl B. Hutcherson, Jr., charging him with:  (1) Count I, Social Security Fraud, in violation of 42 U.S.C. § 1383a(a)(4); (2) Count II, Social Security Fraud, in violation of 42 U.S.C. § 1383a(a)(4); (3) Count III, Mail Fraud, in violation of 18 U.S.C. §§ 1341 & 1346; (4) Count IV, Mail Fraud, in violation of 18 U.S.C. § 1341; (5) Count V, Bank Fraud, in violation of 18 U.S.C. §§ 2 & 1005; (6) Count VI, False Statement to a Federal Official, in violation of 18 U.S.C. § 1001(a)(2); and (7) Count VII, Obstruction of Justice, in violation of 18 U.S.C. §§ 2 & 1512(c)(2).  The defendant moved this Court to dismiss Count VII of the indictment.

On January 25, 2005, another federal grand jury in the Western District of Virginia returned an indictment against the defendant that superceded the December 1, 2005 indictment. This indictment is essentially similar to the previous indictment except that it expanded the scope of conduct violating Count VII from a single act of producing certain documents to a grand jury, to conduct encompassing the defendant's creation of the produced documents and certain

1

statements made to an agent of the Federal Bureau of Investigation. The superceding indictment also enlarged the time period of obstructive activity from a specific date of March 24, 2005 to a period of time spanning from September 2004 to March 24, 2005.

The defendant now moves the Court to dismiss Count VII of the superceding indictment because the prosecution would be unable to prove that the defendant intended to obstruct an official proceeding, as a matter of law.

## II.    Opinion of the Court

Any examination of the propriety of a pre-trial dismissal of an indictment must begin with the longstanding rule that courts may not "look behind" grand jury indictments if returned by a legally constituted and unbiased grand jury. See United States v. Mills, 995 F.2d 480, 487 (4th Cir. 1993) (citing Costello v. United States, 350 U.S. 359, 363, 76 S. Ct. 406, 100 L. Ed. 397 (1956)); see also United States v. Knox, 396 U.S. 77, 83 n.7, 90 S. Ct. 363, 24 L. Ed. 2d 275 (1969) (stating that a pre-trial motion to dismiss is not a permissible vehicle for addressing the sufficiency of the government's evidence). The Fifth Amendment's Indictment Clause requires only that "an indictment returned by a legally constituted and unbiased grand jury . . . if valid on its face, is enough to call for trial of the charges on the merits." Id. Thus, a court lacks the authority to review either the competency or sufficiency of the evidence that forms the basis of an indictment. Id. Thus, insufficiency of the evidence against the defendant cannot provide the basis for a pre-trial dismissal of an indictment but such a dismissal can be premised upon the fact that the indictment is on its face, invalid.

The Supreme Court has held that one of the protections an indictment is intended to guarantee is measured by "whether the indictment contains the elements of the offense intended

2

to be charged, and sufficiently apprises the defendant of what he must be prepared to meet . . . ."

See Russell v. United States, 369 U.S. 749, 763, 82 S. Ct. 1038, 8 L. Ed. 2d 240 (1962). A

facially valid indictment must therefore contain the elements of the offense charged and the facts

which inform the defendant of the specific offense with which he is charged. See United States

v. Wills, 346 F.3d 476, 489 (4th Cir. 2003) (holding that the indictment was facially valid

because it tracked the language of the statute under which the defendant was prosecuted and

properly alleged each element of the statute); United States v. Lane, 765 F.2d 1376, 1380 (9th

Cir. 1985). An indictment's failure to recite an essential element of the charged offense is not a

minor or technical flaw but a fatal flaw requiring dismissal of the indictment. See United States

v. Du Bo, 186 F.3d 1177, 1179 (9th Cir. 1999).

Under Count VII, the defendant is charged with violating the mandates of 18 U.S.C. §

1512(c)(2).[1] Section 1512(c)(2) requires that the defendant, "[c]orruptly otherwise obstructs,

influences, or impedes any official proceeding, or attempts to do so . . . ." Count VII of the

superceding indictment states that "in or about September 2004 through on or about March 24,

2005 . . . [the defendant] corruptly attempted to obstruct and influence an official proceeding;

that is, [the defendant] . . . caused to be created, provided false information to an agent of the

Federal Bureau of Investigation concerning . . . caused to be provided to a federal Grand Jury . . .

false and fraudulent [documents]." Because the elements of the charge and the facts which the

charge is premised upon are stated in the indictment, and since there is no dispute that the

indictment was returned by a legally constituted and unbiased jury, the indictment is facially

---

[1] 18 U.S.C. § 2 allows the defendant to be charged as a principal for conduct that aided or
abetted the obstruction of justice charge.

3

valid.

The defendant, however, argues that as a matter of law, Count VII must fail because his conduct does not rise to the level required for obstruction of justice under § 1512(c)(2). Cf. United States v. Yakou, 428 F.3d 241 (D.C. Cir. 2005) (joining the Sixth, Seventh, Ninth, and Tenth Circuits, in holding that the district court can consider pre-trial dismissal of an indictment based on a question of law if the government does not object); United States v. Phillips, 367 F.3d 846, 855 & n.25 (9th Cir. 2004); United States v. Hall, 20 F.3d 1084, 1087-88 (10th Cir. 1994); United States v. Levin, 973 F.2d 463, 470 (6th Cir. 1992); United States v. Risk, 843 F.2d 1059, 1061 (7th Cir. 1988). The current version of § 1512(c) became effective July 30, 2002 as part of the Sarbanes-Oxley Act of 2002. See Pub. L. No. 107-204, 116 Stat. 745 (2002). Section 1512(c) was one of the measured responses by Congress to improve the accuracy and reliability of corporate disclosures by penalizing those who obstruct justice by somehow impairing the integrity or availability of records, documents, and other tangible objects. Id. In essence, the amended § 1512(c) created a specific subsection dealing with tampering of tangible evidence, in what was otherwise a statute that previously dealt only with tampering of persons.

Section 1512(c)(1) lists specific conduct that is prohibited under this subsection; while § 1512(c)(2) is intended to account for unenumerated conduct that violates the subsection. If an individual corruptly obstructs an official proceedings through his conduct in relation to a tangible object, such person violates this subsection. Although the Fourth Circuit has not yet espoused what conduct does and does not violate § 1512(c)(2), it is the judgment of this Court that it cannot reasonably hold that the prosecution would be unable to set forth any set of facts under the circumstances that prove the defendant's guilt. Cf. United States v. Alvarez, 352 F. Supp. 2d

4

356, 358 (E.D.N.Y. 2005) (noting, in dicta, that the act of providing intentionally false information during an official proceeding could expose an individual to prosecution under § 1512(c)(2)). Therefore, the prosecution must be allowed to go forward with its case against the defendant under Count VII.

ENTER:     This _3rd_ day of February, 2006.

*James C. Turk*

James C. Turk
Senior United States District Judge

\

5